# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

DAVID ISAAC MAZARIEGOS-VASQUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 229 948

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Mazariegos-Vasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the denial of his application for withholding of removal. As he fails to address the denial of his applications for asylum and relief under the Convention Against Torture (CAT), any challenge to the denial of those

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60244

applications has been abandoned. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The BIA determined that Mazariegos-Vasquez was ineligible for withholding of removal because he failed to show a nexus between the harm he feared from criminal gangs and any protected ground under the Immigration and Nationality Act. Specifically, Mazariegos-Vasquez claimed to be part of a particular social group consisting of educated and religious people in Guatemala who were approached by gangs and refused to join them.

Mazariegos-Vasquez argues that, contrary to the immigration judge's (IJ) finding, he established past persecution and that, contrary to the findings of the IJ and the BIA, he demonstrated a nexus between the harm he feared and his membership in the proposed social group. He also states that his proposed social group should be recognized for purposes of withholding of removal because, in *Tapiero de Orjuela v. Gonzales*, 423 F.3d 666 (7th Cir. 2005), the Seventh Circuit recognized educated, landowning cattle farmers as a distinct social group for purposes of asylum.

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA made no determination regarding whether Mazariegos-Vasquez had been persecuted in the past and thus was not influenced by the IJ's findings in that regard. Accordingly, we do not address Mazariegos-Vasquez's challenge to the IJ's findings regarding persecution. *See Dayo v. Holder*, 687 F.3d 653, 658 n.2 (5th Cir. 2012).

As Mazariegos-Vasquez has not shown that the BIA's determination that he was not a member of a particular social group was arbitrary or capricious, we will not disturb that determination. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-21 (5th Cir. 2012). Further, the record before us does not compel

No. 14-60244

a conclusion contrary to that of the BIA that Mazariegos-Vasquez failed to show a nexus between the feared harm and the alleged social group. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, Mazariegos-Vasquez's petition for review is DENIED.